## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed July 22, 1927.

LELIA S. ALDRIDGE
VS.
DECCA S. GILMER, ET AL.

*Joseph S. Goldsmith* for plaintiff.

*Frederick W. Brune* and *Lester H. Crowther* for defendants.

STANTON, J.—

This is a special case stated under the 45th, 46th and 47th General Equity Rules for the construction of a portion of the last will and testament of Lelia S. Bennett, deceased. In the statement of the case the following facts will appear.

After the death of the testatrix, Lelia S. Bennett, a suit was instituted in Virginia, by those who are the defendants herein against the plaintiff herein and others, proceeding against the plaintiff herein by publication. In that case the Virginia Court said the plaintiff herein would have been the sole heir-at-law of Lelia S. Bennett, if she had died intestate. After describing the erasures and additions made to the will, and describing the codicil, it held "that the execution of the codicil under the circumstances proven, constituted a republication of said original will, in the form in which it then was."

The particular clause in her will now in controversy remained unchanged by her, and under that finding was therefore republished as of the date of the codicil, that is, August 19, 1925. At that date, the testatrix was the owner of the ground rents on the McCulloh street properties.

If the testatrix republished her will, including this clause; or limiting ourselves to the matter in controversy—he published the clause in controversy, when she owned the ground rents on the properties it would seem that she intended the ground rents to pass thereunder to the plaintiff, the devisee therein named, who is her heir-at-law. It is needless to say that the cardinal rule in the interpretation of wills, is to carry out the intention of the testatrix.

But leaving this general ground, let us look at the law particularly referring to ademptions.

It is conceded law on this subject that a lease of fee-simple property is not an ademption of a devise of such property except pro tanto. This is true without regard to its duration, and, so far as I know, with one possible exception only, without regard to any of its other terms.

In Maryland, this has been expressly decided in the case of Brady vs. Brady, 78 Md. 461.

But, it is argued that at the time the Brady lease was made, there was no provision in the law providing for its redemption, and that when the Bennett lease was made, there was such a provision. And when it is asked why is this different from any other provision in a lease, in that the devisee must take it subject to all the provisions of the lease (Brady vs. Brady, 78 Md. 474) and his devise will be affected accordingly and no more, it is answered, in effect, that this provision of the law practically turns the lease into a mortgage, and reference is made to the decision of Chief Justice Taney, in Bosley vs. Bosley's Executor, 14 Howard (U. S.) 390.

Considering these two points in the reverse order:

First: Bosley vs. Wyatt, Executor, etc. The facts in that case are quite different from the facts in this case, and the provisions of the law then applicable to that will quite different from the law applicable to this will. Though the Bosley case is mentioned twice in other Supreme Court decisions it is not cited as authority on the point above mentioned.

In the Bosley case the will and the codicil were both written before the sale in that case, and the sale was not consummated before the death of the testator. Here, the codicil was written both after the agreement and after the lease was made.

In the Bosley case the purchaser, by agreement, was to have the right to redeem at any time from the beginning of the lease. In the present case there is no express agreement of the parties for redemption, but the law makes this lease and every other lease of the same kind, redeemable after five years.

The Court apparently based its decision in the Bosley case on the fact that by the agreement of sale, the whole real estate was converted into money, using, with reference to the ground rent, this unusual language: "The testator's remaining interest in this property" (that is the ground rent) *"was also money and not land;* but by reason of the form in which he contracted to sell it, this portion of the *money belonged to the realty."*

In this Bennett case it was never intended by the agreement to transfer

the whole property to the vendee. Whatever the form of words might be, it was intended and agreed, that the testatrix should not part with her whole interest in the property, but that on the contrary she should "retain and accept" the ground rents to be created by her on the properties. And this is what was done. She was to retain them at a certain value with reference to the gross sale value of the property. But whatever the purpose, she was to retain them and did retain them, and that portion of the realty never passed from her, never was converted into money.

Let us assume, however, that in accordance with the technical words of Bosley vs. Bosley's Executor, as applied to the very different facts in this case, that in some way the whole property in this case was by the sale converted in law though not in fact, into money. Nevertheless, we have the clear fact in this case that after the whole property was thus theoretically turned into money, the lease was executed, and Lelia S. Bennett thus became again the owner of these properties in fee, subject to the lease; and that she so continued as owner of them to the time of her death.

Therefore under the Act of 1849, Ch. 229, Sec. 346 of Art. 93 of our Code, the will, speaking as of the date of the death of the testatrix, and not as of the will, would pass to the plaintiff, the interest or estate in the properties which the testatrix owned at the time of her death, that is, the ground rents, And it has been so expressly decided in Maryland.

In Krieg vs. McComas, 126 Md. 377, a testatrix devised to her daughter property which she then owned in fee-simple. By various conveyances the fee passed from her, and she acquired a leasehold interest therein, which she owned at the time of her death. It was held that this leasehold estate passed to the daughter of the testatrix under her will, by virtue of the Act of 1849.

The Bosley case was decided before the passage of the Act above mentioned and only such real estate would then pass as the testator owned at the date of his will, and much of that decision cites and deals with law no longer applicable.

Lastly, it is argued for the defendants that a redeemable lease is, in effect, only a mortgage. The mere statement of this proposition brings to the minds of those accustomed to deal with mortgages and redeemable leases the clear differences between them, whatever their origin in particular cases, whether the consideration in such cases be the same or not, these differences are apparent and real. The mortgagee can demand his principal at a fixed time; the lessor can never demand the amount for which the rent is redeemable. The remedies are entirely different.

Our Court of Appeals has recognized this distinction. And though it has referred to occasional resemblances between redeemable leases and mortgages, it has held that there are between the two well-defined and radical differences.

In a case analogous to the present case, that is, Packard vs. Corp. Relief of Widows, 77 Md. 240, the vital differences between a redeemable lease and a mortgage is laid down, and the case of Bosley vs. Bosley's Executors was distinguished from that case. The Court refers to the fact that under the agreement of the parties in the Bosley case, the rent was redeemable at any time, and that in the Packard case, it was only redeemable during a defined period. In this Bennett case, there is no express agreement of the parties for the redemption of the rent. The law makes it redeemable at the end of five years.

In this case the Court finds (a) that if the general intention of the testatrix be regarded, she intended, in accordance with the determination of the Virginia Court, that this paragraph in her will should be applied to the condition and circumstances existing when the codicil was executed, and that the plaintiff, her only heir at law, should take the ground rents in controversy; (b) that the lease was not intended to be and was not a mortgage; (c) that Lelia S. Bennett never intended to convey away, and did not convey away, her whole interest in the properties, but that she intended to retain, and did retain the ground rents, and therefore this interest so retained, was not adeemed; (d) that if, by some legal fiction or otherwise, it should be held that she did so convey away all her interest in these properties, yet it clearly appears that at her death she owned a reversion in these properties, and

this under the Act of 1849 will pass under her will to the plaintiff.

A decree will be signed in accordance with the findings set out in this memorandum—defendants to pay costs.